**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LABETTE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02598-HLT-GEB |
| ) | |
| MICHAEL FARRIS, M.D., ) | |
| ) | |
| Defendant. ) | |

**REPLY IN FURTHER SUPPORT OF DR. FARRIS' MOTION TO DISMISS**

In its Response to Dr. Farris' Motion to Dismiss, Labette does not legitimately dispute that its Complaint should be dismissed. For example, Labette's Response admits its Complaint's alleged damages are limited to a single emergency department shift. *Response* at p. 2, ¶ 6. Apparently recognizing this stubborn fact, Labette pivots to general claims, unsupported by any evidence, that are glaringly absent from its Complaint. Labette's Response also fails to distinguish any case cited by Dr. Farris, and, in lieu of citing authority to support its arguments, Labette offers theories that are directly contrary to binding Kansas, District of Kansas, and Tenth Circuit authority. Labette's Complaint is fatally defective and, for the reasons set forth in the Motion to Dismiss and below, this case must be dismissed (again).

**ARGUMENT AND AUTHORITIES**

**I. This Court Lacks Subject Matter Jurisdiction to Hear Labette's Claim Because the Amount in Controversy Does Not Exceed $75,000.**

a. <u>Labette cannot avoid dismissal by making allegations in its Response that do not exist in its Complaint.</u>

The substance of Labette's Response on this issue is limited to two paragraphs, and Labette goes out of its way to avoid any reference to or discussion of its Complaint. Why? Because the threadbare Complaint fails to establish the jurisdictional amount in controversy requirement.

1

Labette cites[1] *Osage Cap., LLC v. Bentley Invs. Of Nevada III, LLC*, No. 109,786, 2014 WL 902189 (Kan. Ct. App. March 7, 2014), *Tranin Inv. Co. v. IPC Retail Properties Mgmt., Inc.*, No. 104,685, 2012 WL 687069 (Kan. Ct. App. Feb. 24, 2012), and *Simek v. J.P. King Auction Co.*, No. 04-8109, 2005 WL 3320563 (10th Cir. Dec. 8, 2005), for the proposition that Labette "can recover as damages money paid to Dr. Farris while he was breaching his duties." Response at p. 3. As unpublished opinions, Kansas does not favor their citation and they are not precedential. Kan. Sup. Ct. R. 7.04(g)(2); *Fed. Deposit Ins. Corp. v. Lindamood*, No. 14-2396-JWL, 2015 WL 4642443, at *4 (D. Kan. Aug. 4, 2015) (refusing to follow unpublished Kansas Court of Appeals opinion "which, as an unpublished memorandum opinion, does not constitute binding precedent").

Even if these cases were of value to the Court, nothing in them helps Labette avoid dismissal. In fact, *Tranin* directly undercuts Labette. There, the Kansas Court of Appeals found a cognizable breach of fiduciary duty claim required evidence that a defendant financially benefited from the alleged breach. 2012 WL 687069 at *5-6. Here, although Labette's Complaint limits its damages to alleged double billing for "a shift," (ECF 1 at ¶¶ 8; 16.a), the Response claims Labette was also damaged by Dr. Farris "engaging in highly inappropriate conduct." Response at p. 3. Even assuming these allegations of "choking nurses with a stethoscope and stylus cord" and "restrain[ing] nurses to rolling chairs and roll[ing] them out the emergency department door" were true, Labette is left with the same problem as *Tranin*: Dr. Farris could not have financially benefited from this conduct. Similarly, Labette was not damaged either. *Schneider v. Kansas Sec. Comm'r*, 54 Kan. App. 2d 122, Syl. ¶ 17, 397 P.3d 1227 (2017) (elements include "damages resulting from the breach"). Thus, Labette is left only with Dr. Farris allegedly double billing for "a shift," which is far below the amount in controversy requirement (ECF 1 at ¶¶ 8; 16.a).

---

[1] Labette's citation to these unpublished cases violates D. Kan. Rule 7.6(c).

Labette then makes the conclusory claim that "[t]herefore, Labette['s] damages equal or exceed one year of Dr. Farris' salary, which satisfies the jurisdictional requirement." Response at p. 3. How? No one can know because Labette's Response is silent on any alleged causal connection. Nothing in its Complaint or Response identifies a full year of damages. Kansas law is clear: damages for breach of fiduciary duty are limited to "the period of his faithlessness." *Bessman v. Bessman*, 214 Kan. 510, 523, 520 P.2d 1210 (1974). Is Labette now claiming (for the first time) that Dr. Farris choked nurses non-stop, every minute he worked, for over a year, without Labette ever knowing it? Doubtful, but, regardless, such in-depth analysis of Kansas state court authority is precisely the reason this matter should be litigated in state court, as further addressed below. *Blue Rhino Corp. v. Stockgrowers State Bank of Ashland, Kansas*, 220 F.R.D. 369, 376-77 (D. Kan. 2004).

    b. <u>Labette failed to properly seek leave to amend its Complaint.</u>

Realizing the dispositive nature of its failure to plead anything beyond "a shift" of alleged "doubling billing," Labette includes a single sentence requesting leave to amend to add "specific facts regarding the amounts paid to Dr. Farris that are claimed by Labette [] as damages." Response at p. 3. "We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir.), *cert. denied*, 142 S. Ct. 477, 211 L. Ed. 2d 289 (2021); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (holding a "single sentence, lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend"). Nor does Labette's single sentence comply with D. Kan. Rule 7.1 (requiring motions to be accompanied by a brief or memorandum) or D. Kan. Rule 15.1 (requiring a motion for leave to amend to "(1) set forth a

3

concise statement of the amendment or leave sought; [and] (2) attach the proposed pleading or other document"). The glancing request to amend need not be considered by the Court.

II. **Even if the Complaint Alleged Sufficient Facts to Satisfy the $75,000 Threshold (and it does not), The Court Should Still Decline to Exercise Jurisdiction in Favor of Dr. Farris' Pending State Court Action, Pursuant to *Colorado River*.**

In its analysis of the *Colorado River* factors, Labette fails to cite to a single authority in support of any factor. Why? Because controlling law mandates dismissal of this suit. Labette also avoids any attempt to distinguish the authority in Dr. Farris' Memorandum in Support. For the sake of efficiency, those authorities and arguments will not be repeated here.

   a. **Factor Two: the federal forum is inconvenient, favoring dismissal.**

Labette ignores that this factor focuses on physical proximity to "the parties, the evidence, and witnesses," *Foxfield Villa Assocs., LLC v. Regnier*, 918 F. Supp. 2d 1192, 1199 (D. Kan. 2013), and instead tries to make new law. Response at p. 5 (referencing the prior suit dismissed by this Court and the location of counsel). Because the state court is the far more convenient forum to the parties, witnesses, and evidence, dismissal is proper.

   b. **Factor Three: the likelihood of piecemeal litigation is great, favoring dismissal.**

Labette is right: the federal case focuses "on Dr. Farris' actions" while the state case focuses "on the reasons for his termination." Response at p. 5. But this only highlights the likelihood of piecemeal litigation: "Dr. Farris' actions" are the "reasons for his termination." At least according to Labette. Therefore, the likelihood of piecemeal litigation favors dismissal.

   c. **Factor Four: the state court first gained jurisdiction, favoring dismissal.**

Despite Labette's claims, this case is not "ready for trial." Response at p. 6. No scheduling order has been entered. No discovery conducted. No summary judgment motions have been filed. Trial is not imminent or even likely based upon the allegations in the Complaint. Labette emphasizes it was the first to file in federal court. Yet Labette does not attempt to justify why it

waited *five months* to serve Dr. Farris with notice of this lawsuit. Regardless, the law is clear: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Labette's intentional delay in seeking service ensured this federal case will lag behind the state case, favoring dismissal.

### d. Factor Five: state law provides the rule of decision on the merits, favoring dismissal.

Labette concedes this factor weighs in favor of dismissal.

### e. Factor Six: the state-court proceeding adequately protects the litigants' rights, favoring dismissal.

Labette concedes this factor weighs in favor of dismissal.

### f. Factor Seven: possible vexatious or reactive nature of the federal litigation, favoring dismissal.

Labette (i) immediately refiled this new case after this Court instructed the parties to go to state court, and then (ii) did absolutely nothing for five months and only acted when Dr. Farris served Labette with his state court action. Labette invites the Court to excuse its failure to serve Dr. Farris for nearly *five months* by accusing Dr. Farris of "avoid[ing] service." Not only untrue, there also is no evidentiary record to support the allegation. The facts are simple: Labette filed a placeholder Complaint in this Court and parked it here, telling nobody until after Labette was served with Dr. Farris' state court lawsuit.

Labette also incorrectly claims it could not have removed the state court action. Response at p. 6 (citing 28 U.S.C. § 1441(b)(2), (commonly known as the forum-defendant rule). "[T]he forum-defendant rule is not jurisdictional and may therefore be waived." *Durbin v. Yellow Transp.*, 624 F. Supp. 2d 1303, 1304 (D. Kan. 2009) (predicting Tenth Circuit would join majority); *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (holding "the forum-defendant rule is not

5

jurisdictional and may therefore be waived"); *Herrera v. Las Cruces Pub. Sch.*, 695 F. App'x 361, 366 (10th Cir. 2017) (same).

Labette then offers an eighth factor and accuses Dr. Farris of forum shopping. Dr. Farris sued Labette in state court – exactly where this Court instructed the parties to litigate the remaining state law claims. Meanwhile, Labette disregarded this Court's instructions and filed a new lawsuit in this Court, then waited five months to even attempt service. While likely forum shopping is occurring, Labette is the judicial consumer – not Dr. Farris.

Finally, Labette made what is sure to be an error of imprecision, rather than intention. Labette states it only has a single clinic in Neosho County. In reality, Labette has two separate clinics in Neosho County: Erie, Kansas and Chanute, Kansas.[2]

## CONCLUSION

For the foregoing reasons, this motion should be granted, and Labette Health's Complaint should be dismissed.

       Respectfully submitted,

       FAGAN & EMERT, LLC
       /s/ *Brennan P. Fagan*
       Brennan P. Fagan  KS Bar #20430
       730 New Hampshire, Suite 210
       Lawrence, Kansas 66044
       Tele: (785) 331-0300
       Fax: (785) 331-0303
       bfagan@faganemert.com

       AND

       FORBES LAW GROUP, LLC
       Quentin M. Templeton  KS Bar #26666
       6900 College Blvd., Suite 840
       Overland Park, Kansas 66211
       Tele: (913) 341-8600

---

[2] *See* https://www.labettehealth.com/clinics/erie-clinic/ *and* https://www.labettehealth.com/clinics/chanute-clinic-express-care-rhc/

                              Fax:   (913) 341-8606
                              qtempleton@forbeslawgroup.com

                              ATTORNEYS FOR DR. FARRIS

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I caused to be served this Reply in Further Support of Dr. Farris' Motion to Dismiss upon all counsel of record through filing of these materials with the Court's Case Management and Electronic Case Filing System.

                              /s/ *Brennan P. Fagan*
                              Brennan P. Fagan    #20430